UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NESTOR NSUMBU KALONJI,

Petitioner,

v.

TODD BLANCHE et al.,

Respondent.

CASE NO. 2:26-cv-03810-BAT

**ORDER GRANTING HABEAS PETITION AND DIRECTING RELEASE**

Petitioner requests the Court grant habeas relief under 28 U.S.C. § 2241 and order Respondents to release him from immigration detention, and be barred from (1) redetaining him without first holding a hearing before a neutral decision making at which Respondents bear the burden to show by clear and convincing evidence he is a danger to the community or a flight risk; (2) redetaining Petitioner unless they obtain a valid travel document to the DRC or Canada; (3) removing Petitioner to a third country without notice and a meaningful opportunity to respond; and (4) removing Petitioner to a third country where he is likely to face imprisonment or other punishment upon arrival. The Court **GRANTS** the petition as follows.

The parties do not dispute Petitioner, a citizen of the Democratic Republic of Congo (DRC), has been in the United States for seven years, is subject to a final order of removal, is detained under 8 U.S.C. § 1231, and has been in immigration detention for 17 months. Petitioner

contends his detention is unconstitutionally prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and as there is no reasonably likelihood he will be removed in the foreseeable future, the Court should order his release. Respondents neither dispute the length of Petitioner's detention nor present a meaningful response to his claim other than to acknowledge that after Petitioner filed this petition, they submitted a request for an updated travel document to the DRC. The Court accordingly finds Petitioner has been detained for an unconstitutional length of time and there is presently no reasonably likelihood he will be removed in the foreseeable future and should be released.

While Respondents have not challenged Petitioner's *Zadvydas* claim and his request for release, they challenge his request that they be enjoined from redetaining him or removing him to a third country absent certain protections that Petitioner has requested. There are numerous decisions in this district granting injunctive relief and ordering Respondents to comply with federal statutes, regulations and the constitution if they seek to redetain a noncitizen or if they seek to remove an individual to a third country. *See e.g. Than Dinh Le, Petitioner(s), v. Pamela Bondi, et al.,* No. C25-2454-KKE, 2026 WL 309239, at *6 (W.D. Wash. Feb. 5, 2026) citing *Kumar v. Wamsley*, C25-2055-KKE, 2025 WL 3204724, at *9 (W.D. Wash. Nov. 17, 2025); *Baltodano v. Bondi*, C25-1958RSL, 2025 WL 3484769, at *2 (W.D. Wash. Dec. 4, 2025); *Nguyen v. Bondi*, 2:25-CV-02024-TL, 2025 WL 3534168, at *7–10 (W.D. Wash. Dec. 10, 2025); *A.A.M. v. Andrews*, 1:25-CV-01514-DC-DMC (HC), 2025 WL 3685159, at *4–7 (E.D. Cal. Dec. 19, 2025).

The Court finds no reason to deviate from the numerous cases enjoining Respondents to meet certain legal requirements before **redetaining** Petitioner. The Court finds it appropriate to require Respondents to provide Petitioner predetention notice and a hearing at which

Respondents bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community. The denies Petitioner's request Respondents cannot redetain Petitioner unless they obtain a valid travel document to the DRC or Canada. This request sweeps to broadly and incorrectly implies there are no other grounds upon which Petitioner could be redetained such as arrest or commission of a crime that requires mandatory detention under 8 U.S.C. § 1226(c) or a material change of circumstances such as absconding from release supervision. In making these findings, Court further concludes that Petitioner's request for habeas relief do not challenge Respondents' execution of his removal order or whether he is removeable, and the relief the Court provides is within its authority and jurisdiction.

While the Court grants Petitioner's request for injunctive relief as to redetention, the Court finds his request for prospective injunctive relief as to third country removal is premature. The Court finds on the current record, Petitioner has not demonstrated a likelihood of irreparable injury that would entitle him to permanent injunctive relief in the form of an order prohibiting Respondents from removing him to certain third countries. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief). The history of the case shows Respondents obtained a travel document to Petitioner's country of citizenship the DRC, and they have again requested the DRC issued a travel document. Respondents do not indicate any intent to remove Petitioner to a third country, have not taken any action to remove Petitioner to a third country and the request for a permanent injunction barring removal to a third country is therefore premature and is denied without prejudice.

While it is premature to grant third country injunctive relief, the Court agrees with Petitioner that Respondents' third-country removal policy and practices must accord with due process or the INA. "[B]oth the due process clause and the governing statute place the burden on

the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1010 (W.D. Wash. 2019) (citing *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001) and 8 U.S.C. § 1231(b)). Courts in this district have held where the government intends to seek removal to a third country, due process requires, among other things, "written notice of the country being designated" and "the statutory basis for the designation, i.e., the applicable subsection of § 1231(b)(2)." *Aden*, 409 F. Supp. 3d at 1019; *see Arenado-Borges v. Bondi*, 2025 WL 3687518 (W.D. Wash. Dec. 19, 2025), at *6–7 (collecting cases and requiring the government to provide notice and a meaningful opportunity to respond in the event of third-country removal).

Thus, should Respondents take steps to remove Petitioner to a country other than the DNC they must provide Petitioner with written notice of their intent to do so and a meaningful opportunity to respond.

**CONCLUSION**

For the forgoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 8.

2. Respondents shall **RELEASE** Petitioner on the same conditions by which he was earlier released, or on less restrictive conditions, within **24 HOURS** of entry of this order and file a status report certifying he has been released within **48 HOURS** of entry of this order. Respondents shall return to Petitioner all personal property.

3. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from redetaining Petitioner unless and until he is provided with adequate notice and a hearing before a neutral decision maker to determine

whether re-detention is appropriate, as which time the government shall bear the burden by clear and convincing evidence Petitioner is a flight risk, a danger to the community.

4. The request for injunctive relief barring third country removal is denied without prejudice.

DATED this 28th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge